IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-10-65-D |
| | ) |
| MARCUS LAMAR JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's Application to Correct Judgment Order Nunc Pro Tunc [Doc. No. 33], filed *pro se* on November 1, 2012, citing Fed. R. Crim. P. 36. The government has timely responded to the motion by asserting that Rule 36 does not authorize the relief sought and that Defendant's remedy lies in a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

The case record reflects that Defendant was arrested on a federal warrant on April 14, 2010, and temporarily detained, but was released on an unsecured bond on April 19, 2010. At the time of his change-of-plea hearing, Defendant was in state custody, and he appeared before this Court pursuant to a writ of habeas corpus ad prosequendum [Doc. No. 18]. Defendant's federal sentence was imposed on September 28, 2010. Defendant does not contend that the effect of any state court proceeding was addressed at sentencing. The record reflects Defendant was delivered to FCI El Reno on August 2, 2012. Accordingly, the relief sought by Defendant – credit for time served in state custody or *nunc pro tunc* designation of a state facility as the place of confinement for his federal sentence under 18 U.S.C. § 1361(b) – would require a determination that Defendant's federal sentence should be served concurrently with his state sentence. The Court agrees with the government that the proper means for Defendant to obtain this determination is through a habeas

proceeding under § 2241. *See United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008) (concurrent sentence claim governed by § 2241).

Upon consideration of the issues, the Court finds that Defendant challenges the execution of his sentence and, specifically, the Bureau of Prisons' computation of service of his federal prison sentence. Defendant does not seek merely to correct a clerical error in a judgment or order, or an error in the record. Thus, relief is not available under Rule 36. *See United States v. Morales*, 108 F.3d 1213, 1224 (10th Cir. 1997) (clerical mistakes include such things as oversights and omissions, and unintended acts or failures to act). The Court therefore finds that Defendant's motion should be denied without prejudice to the filing of a § 2241 petition for habeas relief.[1]

IT IS THEREFORE ORDERED that Defendant's Application to Correct Judgment Order Nunc Pro Tunc [Doc. No. 33] is DENIED, as set forth herein.

IT IS SO ORDERED this 18th day of December, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to construe Defendant's motion as a habeas petition because it lacks necessary information. *See, e.g., Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief").